# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JACOB MORGAN,

    Plaintiff(s),

v.

BJ'S RESTAURANTS, INC.,

    Defendant(s).

Case No. 2:25-cv-00539-CDS-NJK

**ORDER**

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

**I.   *In Forma Pauperis* Application**

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* (Docket No. 1) will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.

**II.   Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Although the Court construes complaints drafted by *pro se* litigants liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), they still must comply with the basic requirements of Rule 8, *see, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). These requirements have all been explained to Plaintiff before in other cases. *See, e.g.*, *Morgan v. All My Sons*, Case No. 2:24-cv-00739-CDS-NJK, Docket No. 4 (D. Nev. Apr. 18, 2024); *Morgan v. Suissa*, Case No. 2:21-cv-01330-APG-EJY, Docket No. 5 (D. Nev. Aug. 6, 2021).[1]

---

[1] Plaintiff has filed other cases in this District, too. *See Morgan v. Federal Express Corp.*, Case No. 2:25-cv-00308-RFB-DJA (D. Nev. Feb. 14, 2025); *Morgan v. Forsberg*, Case No. 2:25-cv-00309-EJY (D. Nev. Feb. 14, 2025). In appropriate circumstances, courts may take action to prevent abuse of the judicial system, including issuance of a vexatious litigant order that limits a particular plaintiff's court access. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

Plaintiff's complaint fails to comply with these requirements. The factual recitations supporting the case are that Plaintiff was "never given a chance for equal employment," that he was called by a coworker's name when he asked about money, and that he was never given a reason for that name calling. Docket No. 1-1 at 4. The complaint checks myriad different boxes as to causes of action and bases of discrimination without further explanation. *See id.* at 3; *see also id.* at 4. The complaint indicates that a right to sue letter was issued, but it does not attach one. *See id.* at 5. The complaint identifies no relief being sought. *See id.* at 5-6.

Accordingly, the complaint fails to comply with Rule 8 or state a claim on which relief may be granted. Because the Court cannot say that amendment would be futile, Plaintiff is afforded an opportunity to file an amended complaint if the deficiencies identified above can be corrected. Any amended complaint must attach a copy of a right to sue letter.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **April 15, 2025**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the

case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: March 25, 2025

                                                                    Nancy J. Koppe
United States Magistrate Judge